

US. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*Barbara J. Houser*

**United States Bankruptcy Judge**

**Signed September 08, 2010**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 11 |
| SYMBIO SOLUTIONS, INC., | § | |
| | § | Case No.: 10-30134-BJH-11 |
| Debtor. | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN CONNECTION WITH CONFIRMATION OF AMENDED CHAPTER 11 PLAN OF LIQUIDATION

On the 1st day of September, 2010, came on for confirmation before this Court the Amended Chapter 11 Plan of Liquidation Proposed by Symbio Solutions, Inc., Debtor and Debtor in Possession, joined by The Official Unsecured Creditors' Committee (the "Committee") dated July 23, 2010 (the "Amended Plan")[1]. All parties appearing in connection with the confirmation of the Amended Plan were duly noted on the record.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Amended Chapter 11 Plan of Liquidation jointly proposed by the Debtor and Committee.

After consideration of the Amended Plan, the evidence presented, the arguments of counsel, together with the records and files in this Chapter 11 proceeding, this Court hereby makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1.       The Chapter 11 bankruptcy case of Symbio Solutions, Inc. ("Symbio", "Debtor" or "Debtor in Possession"), was commenced pursuant to Voluntary Petition filed January 4, 2010.  The Debtor has continued to operate as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2.       On January 19, 2010, the United States Trustee filed an Appointment of Official Unsecured Creditors' Committee forming and appointing the initial members of the Official Unsecured Creditors' Committee (the "Committee").  The composition of the Committee was twice modified thereafter with the current membership consisting of:  Thomas L. Hansen of C&A Industries, Inc. d/b/a Aureus Nursing LLC and Aureus Radiology LLC; Charles M. Campisi of Maxim Healthcare Services, Inc.; Chris Friedrichs of Nursefinders, Inc.; Denise L. Jackson of AMN Healthcare; Pam Oliver of Trustaff; John K. Fuller of PharmaCare Services and Lauren Miska of Medical Staffing Network, Inc.

3.       The Amended Disclosure Statement to Accompany Amended Plan of Liquidation filed on July 23, 2010 (the "Amended Disclosure Statement") was approved by Order Approving Amended Disclosure Statement entered July 26, 2010.  The Amended Disclosure Statement refers to the Amended Plan filed by the Debtor and Committee (sometimes collectively hereinafter the "Co-Proponents").

4.      Copies of the Amended Disclosure Statement, Ballot for accepting or rejecting the Plan, the Amended Plan and notice of the Order Approving Amended Disclosure Statement were properly and timely mailed to all known creditors and parties in interest in the Chapter 11 case.

5.      There were no objections to confirmation timely filed with the Court.

6.      The Amended Plan complies with the applicable provisions to title 11, United States Code.

7.      The Co-Proponents of the Amended Plan have complied with the applicable provisions of title 11, United States Code.

8.      The Amended Plan has been proposed in good faith and not by any means forbidden by law.

9.      Any payment made or to be made by the Co-Proponents or by a successor of the Debtor for services or for costs and expenses in or in connection with the case, or in connection with the Amended Plan and incident to the case, has been approved by, or is subject to the approval of, this Court as reasonable.

10.     The Co-Proponents of the Amended Plan have disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Amended Plan, as a director, officer, or voting trustee of the Debtor, an affiliate of the Debtor participating in a join plan with the Debtor, or a successor to the Debtor under the Amended Plan; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy; and the Co-Proponents of the Amended Plan have disclosed the identity of any insider that will be employed or retained by the reorganized Debtor, and the nature of any compensation for such insider.

11.     The Amended Plan does not provide for any rate changes subject to approval by any governmental or regulatory commission with jurisdiction over the rates of the Debtor or its successor.

12.     Each holder of an Allowed Claim or Allowed Interest in each class of Allowed Claims or Allowed Interests in the Amended Plan has accepted the Amended Plan or will receive or retain under the Amended Plan on account of such Allowed Claim or Allowed Interest property of a value as of the Effective Date of the Amended Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of title 11 of the United States Code on such date.

13.     Classes 1, 2 and 4 are not impaired under the Amended Plan.  All other Classes of Claims and Interests are deemed impaired.

14.     All voting impaired Classes have accepted the Amended Plan in accordance with § 1126 of the Bankruptcy Code.  The Ballot Summary containing the tabulation of votes was admitted into evidence without objection.

15.     At least one class of Allowed Claims impaired under the Amended Plan has accepted the Amended Plan without regard to or inclusion of any acceptance of the Amended Plan by any insider.

16.     The Amended Plan does not discriminate unfairly and is fair and equitable with regard to each class of claims or interests.

17.     The Amended Plan provides that the holder of an Allowed Claim specified in Section 507(a) of the Bankruptcy Code shall receive cash equal to the allowed amount of such Allowed Claim on the Effective Date or as soon thereafter as is practicable.

18.     Confirmation of the Amended Plan is not likely to be followed by the need for further financial reorganization of the Debtor, except to the extent that such liquidation or reorganization is proposed in the Amended Plan.

19.     All fees payable under §1930 of title 28, United States Code, as determined by the Court have been paid or the Amended Plan provides for the payment of all such fees on or before the Initial Distribution Date.

20.     There is no retirement plan for which the Debtor is obligated to make payment of retirement benefits, as that term is defined in § 1114 of title 11, United States Code.

21.     The Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.

22.     All transfers of property of the Amended Plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

23.     The Amended Plan and all transactions contemplated thereunder do not have as their principal purpose the avoidance of any taxes.

24.     The amendments to the Amended Plan offered by the Co-Proponents at the confirmation hearing and which are incorporated into the Amended Plan do not materially or adversely affect any creditor of the estate.  Accordingly, the amendments are accepted by all creditors who have previously accepted the Amended Plan as provided in Section 1127 of the Bankruptcy Code.

25.     To the extent any of the Conclusions of Law set forth below include Findings of Fact, they are incorporated herein by this reference.

## CONCLUSIONS OF LAW

26.    To the extent any of the Findings of Fact set forth above include Conclusions of Law, they are incorporated herein by this reference.

27.    The proceeding with respect to the confirmation of the Amended Plan is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).  The Bankruptcy Court has jurisdiction over the Debtor's Chapter 11 case pursuant to 28 U.S.C. §157(a) and has jurisdiction to make the Findings of Fact and Conclusions of Law referred to herein and to enter the Order Confirming Plan, dated of even date herewith and entered concurrently herewith.

28.    The Amended Plan was prepared and filed in compliance with the applicable provisions under title 11, United States Code, contains all provisions required by §1123 of the Bankruptcy Code, and contains only such other provisions as are permitted by §1123 of the Bankruptcy Code and as are consistent with title 11, United States Code.

29.    All Claims and Interests have been properly classified in the Amended Plan in accordance with § 1122 of the Bankruptcy Code.

30.    Notice of the hearing to consider confirmation of the Amended Plan, the date fixed for filing acceptances or rejections of the Amended Plan and the date fixed for filing objections to confirmation of the Amended Plan was appropriate and the best notice possible under all of the circumstances, as required by § 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 3017 and all other applicable law.

31.    The solicitation of acceptances of the Amended Plan, including, without limitation, the procedures adopted and followed in transmitting, receiving and tabulating acceptances and rejections of the Amended Plan, were in compliance with §§ 1125 and 1136 of

the Bankruptcy Code and applicable bankruptcy rules and were appropriate and adequate under all of the circumstances of these cases.

32.     All of the requirements for confirmation of the Amended Plan specified by § 1129(a) of the Bankruptcy Code have been satisfied.

33.     The Amended Plan should be **CONFIRMED**.

### End of Order ###

APPROVED AS TO FORM AND SUBSTANCE:

GOODRICH POSTNIKOFF &
ALBERTSON, LLP
777 Main Street, Suite 1360
Fort Worth, Texas 76102
Telephone: 817.347.5261
Facsimile: 817.335.9411


By: */s/ Joseph F. Postnikoff*
      Joseph F. Postnikoff
      State Bar No. 16168320
      Jason T. Jones
      State Bar No. 24065515

COUNSEL FOR DEBTOR IN POSSESSION

And

Franklin Skierski Lovall Hayward LLP
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
Telephone: 972.755.7100
Facsimile: 972.755.7110


By: */s/ Melissa S. Hayward*
      Melissa S. Hayward
      State Bar No. 24044908

COUNSEL FOR SUN CAPITAL, INC.

And

WRIGHT GINSBERG BRUSILOW P.C.
325 N. St. Paul Street, Suite 4150
Dallas, Texas  75201
Telephone: 214.651.6517
Telecopy: 214.744.2615


By: /s/ E. P. Keiffer
      E. P. Keiffer
      State Bar No. 11181700

COUNSEL FOR THE OFFICIAL
UNSECURED CREDITORS' COMMITTEE

And

LINEBARGER, GOGGAN, BLAIR & SAMPSON, LLP
2323 Bryan Street, Suite 1600
Dallas, Texas  75201
Telephone:  469.221.5125
Telecopy:  469.221.5002


By: /s/ Laurie Spindler Huffman
      Laurie Spindler Huffman
      State Bar No. 24028720

COUNSEL FOR DALLAS COUNTY

And

LAW OFFICES OF ROBERT E. LUNA, P.C.
4411 North Central Expressway
Dallas, Texas  75205
Telephone:  214.521.8000
Facsimile:  214.521.1738


By: /s/ Andrea Sheehan
      Andrea Sheehan
      State Bar No. 24002935

COUNSEL FOR CARROLLTON-FARMERS BRANCH
INDEPENDENT SCHOOL DISTRICT

And

MCCREARY, VESELKA, BRAGG & ALLEN, P.C.
Post Office Box 1269
Round Rock, Texas  78680
Telephone:  512.323.3200
Facsimile:  512.323.3205


By: */s/ Michael Reed*_____
      Michael Reed
      State Bar No. 16685400

COUNSEL FOR COUNTY OF DENTON